## Sutton et al. v. Davis et al.

May 21, 1940.

L. L. Hindman, Judge.

E. J. Stahr and Steve Wiley for appellants.
Webb & Webb for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

This litigation began in August, 1931, when the Commonwealth filed suit against Norman Sutton, one of the appellants, to enforce a tax lien against property in Fulton county allegedly belonging to him. The property belonged to his wife, Mattie Sutton, the other appellant. In September, 1932, C. K. Davis, one of the appellees herein, filed during vacation a pleading styled "Petition to be made parties defendant, Answer and Cross Petition of C. K. Davis, Executor of B. T. Davis, Mrs. B. T. Davis and C. K. Davis." The clerk made the following Rule Day Order:

"This day came C. K. Davis, Executor of B. T. Davis, Dec'd and filed his petition to be made party defendant herein and on his motion same is taken for his answer and is made a cross petition against Norman F. Sutton and Mrs. Mattie Sutton with process awarded against each of said defendants."

Summons was issued on the cross-petition and was served upon Mr. and Mrs. Sutton. However, the judge of the Fulton circuit court made no order allowing the filing of this cross-petition. A default judgment was rendered which granted the relief sought by the Commonwealth and also that sought by the cross-petitioners. No further steps were taken in the proceeding except for orders of continuance until November, 1938, when the property was advertised for sale under the judgment just mentioned.

Immediately after the advertisement of the property the appellants filed what they termed a petition and motion for a new trial in the case of Commonwealth of Kentucky et al. v. Norman Sutton et al. In substance the petition alleged that the judgment was void because

it was rendered pursuant to a cross-petition which had never been made a part of the record by proper order of the court, though summons was awarded thereon, and that the judgment had been procured by fraud on the part of C. K. Davis. Subsequently, January, 1939, the appellants filed a motion to have set aside the judgment in the former case. The grounds set forth in this motion were substantially the same as those contained in the petition and motion for a new trial heretofore mentioned. The trial court overruled the appellee's motion to require the appellants to elect which cause of action they would pursue, and later sustained a general demurrer to the petition as amended and to the motion as amended. The appellants declined to plead further and judgment was entered dismissing their petition and motion. Hence this appeal.

Reversal is urged upon the grounds that (1) a judgment rendered upon a cross-petition which has never been filed by proper order of the circuit court is void; and (2) a litigant is entitled to a new trial under Section 518 of the Civil Code of Practice on the ground of fraud of the successful party when such fraud is shown, and the five-year limitation, Section 2515, Kentucky Statutes, does not apply when the fraud is not discovered within five years from its perpetration. Section 2519, Kentucky Statutes.

It is the contention of the appellees that the failure of the court to enter an order permitting the filing of the cross-petition would only have the effect of making the judgment voidable and not void, and therefore not subject to collateral attack. Certainly, as was said in the case of Bullitt v. Eastern Kentucky Land Company, 79 S. W. 217, 25 Ky. Law Rep. 1954, the filing of the cross-petition in vacation before the clerk and the causing of a summons to be issued was "unwarranted," and no judgment should have been entered thereon. But we refrain from passing upon the question of whether the judgment was void or voidable, in view of our conclusion that the trial court erred in sustaining the general demurrer to the petition and the motion.

As to the charge of fraud, it was alleged that Davis, by his acts and conduct both before and after the filing of the cross-petition, "led them to believe and they did believe that no suit had been filed against them, and in

reliance upon the acts and conduct of the said Davis they made no effort whatsoever to ascertain as to what said suit was for, that they were assured by him and the officer serving the summons upon them that such suit was for the purpose of collecting the taxes due and delinquent to the Commonwealth, that they had several conversations with him, and received several letters from the said Davis with reference to some debt that he claimed they owed his father, but that no reference was made whatsoever to any suit filed by him. They stated further that the indebtedness sued on by him and for which judgment was rendered in the case above referred to had long before been paid; that they told the said Davis so, and that they had long ago paid said indebtedness and received the cancelled note and mortgage from his father, B. T. Davis deceased.  *   *   *'' and that Davis knew or should have known that the indebtedness had been paid. As to the discovery of the alleged fraud it was further alleged:·

"They state further that they did not know such judgment had been rendered against them until they were informed and investigated and found out that the said Davis had caused the Defendant F. T. Randle as Master Commissioner of Fulton County to advertise such property at the Court house door in Hickman, Kentucky, for sale on the 14th day of November, 1938. And they say further that such fact of said judgment could not have been ascertained by them prior to a few days ago, by reasonable diligence on their part, and because of the acts, statement, and conduct of the said C. K. Davis, which was fraudulent on his part and an unavoidable casualty and misfortune on their part."

The general demurrer admitted these allegations.

It is earnestly insisted by the appellees that the allegations as to fraud on the part of Davis are, in the main, conclusions, and insufficient to substantiate such a plea, and further, that the allegation as to the time of the discovery of the alleged fraud was insufficient to avoid the five-year limitation statute, the appellants having brought this action more than five years after the judgment complained of was entered. However, there is no plea of limitation. We are of the opinion, in view of all the circumstances and conditions peculiar to the case

before us, that the pleas as to fraud and the discovery thereof were sufficient. It is of some significance that. even though Davis obtained his judgment in 1933, nc steps were taken to have the land sold until more than five years later. Johnson v. Gernert Bros. Lumber Co., .255 Ky. 734, 75 S. W. (2d) 357, and cases cited therein.

Wherefore, the judgment is reversed, with directions to set it aside and to overrule the general demurrer to the petition as amended and the motion as amended, and for further proceedings consistent with this opinion.